✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JUN 18 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______________ DEPUTY

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
CARIN C. DURYEE
Assistant U.S. Attorney
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
carin.duryee@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

**ANDREW CLARK CRAWFORD**,

Defendant.

CR 12-0170-TUC-RCC (BPV)

PLEA AGREEMENT

The United States of America and the defendant agree to the following disposition of this matter:

PLEA

1. The defendant agrees to plead guilty to the Indictment which charges the defendant with a violation of Title 18 U.S.C. §2252A(a)(5)(B), Accessing Child Pornography, a felony.

TERMS

2. The defendant understands the guilty pleas are conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties

(a) A violation of Title 18, United States Code, Sections 2252(a)(5)(B) and (b)(2), is punishable by a maximum term of 10 years imprisonment, as well as a maximum fine of $250,000. Both violations expose the defendant to a term of lifetime supervised release under §§ 5D1.1 and .2 of the Sentencing Guidelines and Title 1, Section 101 of the PROTECT Act.

(b) Pursuant to the Sentencing Guidelines issued under the Sentencing Reform Act of 1984, the Court shall order the defendant to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(f) of the Guidelines.

(c) Pursuant to 18 U.S.C. § 3013(a), the defendant shall pay a special assessment of $100.00 for each count to which the defendant is pleading guilty. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

Agreements Regarding Sentence

3. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant and the government agree to be bound by the following sentencing ranges, to be determined based upon the defendant's criminal history category at the time of sentencing:

If defendant is in criminal history category I, he shall be sentenced to between **60-90 months**;

If defendant is in criminal history category II, he shall be sentenced to between **60-100 months**;

If defendant is in criminal history category III, he shall be sentenced to between **60-120 months**;

The sentence of imprisonment shall be followed by **lifetime Supervised Release**, with conditions set out below. The agreement is contingent upon defendant being in Criminal History Category III or lower. Either party may withdraw from the agreement if the Court wishes to impose a sentence outside of the above ranges.

4. In addition, the defendant shall register as a sex offender pursuant to Arizona Revised Statutes § 13-3821 prior to his release from confinement. The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school; and for purposes of initial registration, the defendant understands that he must also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student, amongst other information, as outlined in ARS § 13-3821 and 42 U.S.C. § 16914. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status and provide current information for the full registration period as set out in ARS § 13-3821 and 42 U.S.C. § 16915. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Agreements Regarding Restitution

5. Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is identified in images contained in the counts of conviction and submits a claim for restitution based on damages. Defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since [date of indictment], including the location of the assets and the identity of the third party (ies).

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment." If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

Psychosexual Assessment

6. The defendant agrees to submit to a psychosexual assessment prior to sentencing in this case, pursuant to 18 U.S.C. §3552(b). This assessment shall include but shall not be limited to physiological testing, as directed by the Probation Department. The assessment shall be performed by the Center for Life Skills Development, or by such other provider as may be approved of in writing and in advance by the Probation Department. All reports and information from this assessment shall be released to the Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. The defendant agrees to continue the sentencing date in this case until such assessment is performed and the results of such assessment are provided to the Probation Department. A form of motion and order for the assessment is attached to the plea agreement and will be filed in court by the government at the time of the entry of the guilty plea in this case.

Conditions of Supervised Release

7. The government reserves the right to withdraw from the plea agreement if the sentence does not include **lifetime supervised release** with the conditions that follow. Such conditions may include, but are not limited to, the following:

a. The defendant consents to search of person and any property, vehicle, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction, of the probation officer. This consent includes the search and seizure of all electronic communication or data storage devices, computers, computer related devices, and the peripheral equipment, all data and/or images stored on hard disks, Zip Disks, floppy diskettes, CD ROMS, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable and separate from the actual computer device. However, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant by any probation officer in the lawful discharge of the officer's supervision functions, the above mentioned search can occur at any time and be accomplished by any law enforcement or probation officer.

b. The defendant shall participate in a sex offender treatment program and sex offense specific evaluations as approved by the United States Probation Office, and shall abide by the policies and procedures of all the treatment and evaluation providers; this includes a requirement that the defendant submit to risk assessment including physiological testing which may include but is not limited to the ABEL Arousal/Screen, periodic polygraphs and the penile plethysmograph. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex offender assessment and treatment is to be conducted by a therapist(s) approved by the Probation Office, who will release all reports to the Supervising Officer.

c. The defendant shall participate in a mental health program as directed by the probation officer which may include inpatient treatment and taking prescribed medication (to include anti-psychotic medication if the requisite findings are made). The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer., Further, the Supervising Officer may disclose the Pre-Sentence Report and/or previous mental health evaluations and reports to the mental health provider. The mental health provider may provide information, excluding the Pre-Sentence Report, to state or local agencies for the purpose of defendant's rehabilitation.

d. The defendant shall not possess, view, or otherwise use, any materials containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2) or patronize any place where such material or entertainment is available. The defendant shall not possess, view, or otherwise use any other material that is sexually stimulating, sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider. The defendant also shall not use the telephone for purposes of engaging in conversation concerning sexually explicit conduct, obtain the services of a prostitute.

e. Defendant agrees that he shall be prohibited from possessing or viewing certain materials related to, or part of, the grooming cycle for his crime. Such materials include, but are not limited to, the following: images of your victim or any other child victim; stories or images related to your crime or similar crimes; images which depict individuals similar to your victims; stories written about or for individuals similar to your victim; materials focused on the culture of your victim.

f. The defendant shall not be in the company of or have contact, direct or indirect, with any child under the age of 18, including his own children, without prior written permission of the probation officer. Contact includes and shall report immediately but not later than 8 hours to the Supervising Officer/Designee any unauthorized contact with any child. "Contact" includes letters, communication devices, and communication through a third party.

g. The defendant shall maintain an appropriate appearance at all times which includes the wearing of undergarments and appropriate outer clothing in the home or places where others might be present.

h. The defendant shall not enter the premises, or loiter near where the victims reside, except under the circumstances approved in advance and in writing by the probation officer.

I. The victims and/or their parents or guardians may have access to information related to the defendant's custody, release, residence, whereabouts and treatment, throughout the defendant's period of supervision.

j. The defendant shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the court.

k. The defendant shall reside in a residence approved of in advance by the probation officer, and shall obtain written approval to change residences.

l. The defendant shall not contact the victims or the victims' families, either directly or indirectly, and the probation officer will verify compliance. This includes victims disclosed in treatment, assessment, and/or any other victim identified by the probation officer. Indirect contact includes letters, communication devices, communication through a third party and/or presence at any location the victim is known to frequent.

m. The defendant is restricted from engaging in any occupation, business, profession or volunteer activity that causes him to regularly contact persons under the age of 18 or a vulnerable population without prior approval of the probation officer in writing. Further, the defendant shall not affiliate with, own, control or be employed in any capacity by any business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct" as defined at 18 USC § 2256(2).

n. When volunteering for any activities, the defendant shall advise such organization of his conviction.

o. The defendant shall not frequent or loiter within one hundred feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

p. The defendant shall not date or socialize with anybody who has children under the age of 18 without prior permission of the probation officer, and shall disclose to the probation officer the name of any individuals with whom defendant has an intimate, romantic, and/or sexual relationship, along with that person's date of birth and contact information.

q. The defendant shall not reside with any child under the age of 18 without prior written approval of the probation officer. Depending on the outcome of the psychosexual evaluation, the defendant may be allowed supervised visits with his own children.

r. The defendant shall not possess or use a computer or any electronic device with access to the internet or any "on-line computer service" at any location (including place of employment, educational facility or retail establishments) without the prior written approval of the probation officer. This includes any Internet Service provider, electronic bulletin board system, internet relay chat channel, DCC chat, instant messaging, newsgroup, usegroup, peer-to-peer (e.g., Limewire, Bearshare, etc...), any site based e-mail which provides some measure of anonymity (e.g., Hotmail, Gmail, Yahoo email), or any other public or private network or e-mail system. Further, at the approved residence where the defendant is ultimately ordered to reside upon his release from incarceration and a Community Corrections Center, that there is either no computer with internet access at that residence or that the

owner of such computer has consented to having internet monitoring software installed on such computer.

s. If computer use is authorized in writing by the Supervising Officer, the defendant consents to the installation of search and/or monitoring software and/or hardware including unannounced seizure for the purpose of search, at his own expense. The defendant has no expectation of privacy regarding computer use or information stored on the computer if monitoring software is installed and understands and agrees that information gathered by said monitoring software may be used against him in subsequent court actions regarding his computer use and conditions of probation.

t. If computer use is authorized in writing by the Supervising Officer, defendant understands and agrees that using the computer for any purpose which might further sexual activity is strictly prohibited. Such use includes, but is not limited to, the following: possession of sexually explicit material in any form; sexually related chat or email exchange; visiting or joining chat rooms which contain sexually explicit material on web sites; websites that contain nudity or sexually explicit materials; downloading binary files, UUE files, MIMI files, AVI files, MPG files, Real Player files, Windows Media Files, digital images in any format, text files, or multi-media material that is sexual in nature; or visiting and/or subscribing to usergroups, newsgroups, or list services which contain sexual content.

u. If personal computer use is authorized in writing by the Supervising Officer, defendant agrees he is fully responsible for all material, data, images and information found on his computer at all times.

v. If computer use is authorized in writing by the Supervising Officer, defendant agrees that he shall be prohibited from using any form or encryption, cryptography, steganography, compression, password protected files and/or other method that might limit access to, or change the appearance of, data and/or images without prior written approval from the Supervising Officer/Designee. If, for work purposes, password protection is required on any system or files used by defendant, that defendant will provide the password immediately or upon receipt to Supervising Officer/Designee. The defendant will keep any and all passwords that have been approved by Supervising Officer/Designee current make immediate notifications should any of the passwords change.

w. If computer use is authorized in writing by the Supervising Officer, defendant agrees that he shall be prohibited from avoiding the creation of, or altering or destroying records of computer use without the prior written authorization of the Supervising Officer/Designee. This includes, but is not limited to, deleting or removing browser history data regardless of its age, the possession of software or items designed to boot into RAM kernals, alter or wipe computer media, defeat forensic software, or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or the reinstallation of operating systems.

x. If computer use is authorized in writing by the Supervising Officer, defendant will provide the Supervising Officer/Designee with a current list of all computer and computer related equipment used by him, including backup systems, and will keep this list current.

y. Upon release of the defendant, he shall reside and actively participate in a Community Corrections Center for up to one year or until discharged by the Supervising Officer. This placement is to facilitate the defendant's transition into the community and to facilitate treatment for sexual deviance.

z. The defendant shall not own, use or have access to the services of any commercial mail receiving agency, nor shall he open or maintain a post office box without the prior written approval of the Supervising Probation Officer.

Waiver of Defenses and Appeal Rights

8. The defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment or to the Court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement. Defendant further waives any right to appeal the Court's entry of judgment against him, and waives any right to appeal the imposition of sentence upon him under 18 U.S.C. § 3742 (sentence appeals)or to collaterally attack the conviction or sentence by means of habeas corpus, coram nobis or 28 U.S.C. § 2255, so long as the sentence does not exceed the applicable guideline range.

9. With respect to the United States Sentencing Guidelines, the defendant understands that they are **advisory** and must be consulted by the District Court at sentencing. Regardless, the defendant is waiving his right to appeal.

Plea Addendum

10. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

Reinstitution of Prosecution

11. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges

as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation Office

12. The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

13. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing:

A. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

B. All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

C. All history of drug abuse which would warrant a treatment condition as part of sentencing.

D. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

14. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

15. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

16. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

17. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Guideline Range referred to herein or discussed with my attorney is advisory on the Court and is merely an estimate.

18. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

19. I am satisfied that my defense attorney has represented me in a competent manner. I have had a full opportunity to discuss all facts and circumstances of this case with my attorney. I have a clear understanding of the charges and the consequences of this plea. I am pleading guilty because in truth and in fact I am guilty and for no other reason.

20. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

21. Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this

information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

22. This agreement is based on the understanding that Defendant has committed no criminal conduct since Defendant's arrest on the present charges, and that Defendant will commit no additional criminal conduct before sentencing. If Defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of this agreement, the Government will not be bound by the recommendations in this agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

<u>Elements of the Offenses</u>

<u>Knowing Access of Child Pornography</u>

1. That the defendant knowingly accessed with intent to view material containing visual depictions of minors;
2. The defendant knew that the images depicted minors engaged in sexually explicit conduct;
3. The visual depictions are of minors; and
4. The visual depictions had been either mailed, shipped or transported in interstate or foreign commerce by any means, including a computer, or were produced using materials which had been mailed, shipped or transported in interstate or foreign commerce by any means, including a computer.

<u>Factual Basis</u>

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts, among others, beyond a reasonable doubt:

During a time period before and between July 24, 2009, and December 15, 2009, at my residence in Tucson, in the District of Arizona, I, **ANDREW CLARK CRAWFORD** possessed a computer with an internet connection. Specifically, the computer was a Hewlett Packard Pavilion laptop computer (serial number CNF9051W0P) , with an internet connection. I used the computer and the internet to access and view images which depicted minor children engaged in sexually explicit conduct. The images included but were not limited to the following files, entitled:

"Carved [5105653153].jpeg"
"Carved [60547072].jpeg"
"36362bc5a046c632"
"6a38b098fcab5b7c"
"Carved [1259872256].jpeg"
"{858D0993-CF0B-4E63-B1DC-EF603B90AEE0}-10Yo Daughter Horny Amy Childlover 9Yr 440 Pedo(1).jpg"
"{B3801E99-5356-4611-95AF-EFAA2A90353B}-Pthc- Mom Licks & Plays With Little Boys Dicks- New!!- Pedo, Incest- Share More Moms & Kids.jpg"
"Carved [843472896].jpeg"
"Carved [999530496].jpeg" and
"Carved [77774848].jpeg"

All of the files referenced above contain images of various actual children under the age of 18 (at the time of the creation of the images), engaging in various acts of sexually explicit conduct with other children, with adults, and in some cases, alone. The images had been mailed, shipped and transported in interstate or foreign commerce and were also produced using materials which had been mailed and shipped and transported in interstate and foreign commerce. I knew these images were stored on my computer, and knew they depicted children engaging in sexually explicit conduct.

My computer and hard drive contained over 1632 still images of child pornography. The images I accessed and possessed included images of sadistic/violent conduct involving children. In addition, many of the files depict children well under the age of 12.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

06/18/2012
Date

Andrew Crawford
**ANDREW CLARK CRAWFORD**
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6/18/12
Date

Dan H. Cooper, Esq.
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

6/18/12
Date

Carin C. Duryee
Assistant U.S. Attorney